UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK COUNTY BANCORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION and FEDERAL DEPARTMENT INSURANCE CORPORATION-RECEIVER<br><br>               Defendants. | CASE NO. C14-5852 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND, AND DENYING PLAINTIFF'S MOTION TO FILE A SURREPLY |

This matter comes before the Court on Defendant Federal Deposit Insurance Corporation-Receiver's ("FDIC-R") motion to dismiss (Dkt. 33) and Plaintiff Clark County Bancorporation's ("CCB") motion for leave to file surreply to defendant FDIC-Receiver's reply in support of motion to dismiss (Dkt. 41). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants FDIC-R's motion, grants CCB leave to amend, and denies CCB's motion for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On July 30, 2014, CCB filed a complaint against Defendants Federal Deposit Insurance Corporation ("FDIC") and FDIC-R in the United States District Court for the District of Columbia. Dkt. 1. On October 15, 2014, that Court granted CCB's motion to transfer the action to this district. Dkt. 7.

On February 26, 2015, CCB filed an amended complaint against Defendants

> seeking monetary damages and other relief, including pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, et seq., the Constitution and laws of the United States including violations of Plaintiff's constitutional rights arising under the Fourth and Fifth Amendments.

Dkt. 30, ¶ 1. CCB, however, fails to set forth any cause of action or give any notice of exactly what law was violated and/or how it was violated. *See id*.

On March 3, 2015, CCB voluntarily dismissed FDIC. Dkt. 31.

On March 11, 2015, FDIC-R filed a motion to dismiss. Dkt. 33. On April 27, 2015, CCB responded. Dkt. 35. On May 18, 2015, filed a reply. Dkt. 40.

On May 26, 2015, CCB filed a motion for leave to file a substantive surreply (Dkt. 41), which violates the local rules of procedure.[1]

## II. FACTUAL BACKGROUND

The material facts of this case are almost entirely undisputed. CCB was the parent of the Bank of Clark County, which was taken over by the FDIC in 2009. Based on the Bank of Clark County losses, the FDIC-R filed amended tax returns for previous years, and the IRS subsequently issued refunds to the FDIC for more than nine million dollars.

---

[1] The motion is denied because the content is irrelevant to the analysis.

1 CCB also filed amended tax returns based on the same losses, but the IRS did not issue 2 duplicate refunds.  CCB's complaint alleges that it is entitled to the refunds that the IRS 3 sent to the FDIC-R.

### III. DISCUSSION

In this case, FDIC-R moves to dismiss CCB's complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted.  Dkt. 33.  With regard to the former, the Court considered the parties' identical arguments in the related case of *Clark County Bancorporation v. Federal Deposit Insurance Corporation-Receiver*, Cause No. 14-5816-BHS (W.D. Wash. June 16, 2015).  The Court held that, if CCB was required to file a claim with the FDIC-R for the tax refunds, "the filing period is subject to 'waiver, estoppel, and equitable tolling.'"  *Carlyle Towers Condo. Ass'n, Inc. v. F.D.I.C.*, 170 F.3d 301, 310 (2nd Cir. 1999) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  Similar to the Court's conclusion in the related case, equitable remedies appear to be available to CCB and the Court is unable to conclude that it lacks jurisdiction at this time.  Moreover, CCB cites case law in support of the proposition that the parties' dispute is not governed by the federal statutes.  *See In re Indymac Bancorp, Inc.*, 554 F. App'x 668, 670 (9th Cir. 2014) ("A run-of-the-mill contract claim [for breach of a tax sharing agreement] is not a 'covered transaction' under the federal banking laws cited by the FDIC.").  Therefore, the Court denies FDIC-R's motion to dismiss the complaint for lack of jurisdiction.

With regard to FDIC-R's motion to dismiss for failure to state a claim, the motion has merit because the operative complaint has significant deficiencies.  For example,

1  CCB asserts that venue is proper in the District of Columbia even though the amended
2  complaint was filed in this case after CCB moved for a venue transfer to this district.
3  Dkt. 30, ¶ 3.  Moreover, simply alleging that the FDIC-R has money that belongs to CCB
4  without setting forth what law was violated and how it was violated does not even rise to
5  the level of a "formulaic recitation of the elements of a cause of action . . . ." *Bell Atl.*
6  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Therefore, the Court grants FDIC-R's
7  motion to dismiss for failure to state a claim.  The Court is not persuaded that the
8  deficiencies in the complaint could not be cured by amendment and grants CCB leave to
9  amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. ORDER

Therefore, it is hereby **ORDERED** that FDIC-R's motion to dismiss (Dkt. 33) is **GRANTED** and CCB is **GRANTED** leave to amend.  CCB shall file an amended complaint no later than July 17, 2015.  Failure to file an amended complaint or show good cause why one could not be filed by the deadline will result in **DISMISSAL**.

CCB's motion for leave to file surreply to defendant FDIC-Receiver's reply in support of motion to dismiss (Dkt. 41) is **DENIED**.

Dated this 1st day of July, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge