UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK COUNTY BANCORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION and FEDERAL DEPOSIT INSURANCE CORPORATION-RECEIVER, Departments of the United States of America<br><br>　　　　　Defendants. | CASE NO. C14-5852 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY |

　　This matter comes before the Court on Defendant Federal Deposit Insurance Corporation-Receiver's ("FDIC-R") motion to dismiss (Dkt. 51) and Plaintiff Clark County Bancorporation's ("CCB") motion for leave to file surreply to defendant FDIC-Receiver's reply in support of motion to dismiss (Dkt. 61). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

ORDER - 1

## I. PROCEDURAL HISTORY

On July 30, 2014, CCB filed a complaint against Defendants Federal Deposit Insurance Corporation ("FDIC") and FDIC-R in the United States District Court for the District of Columbia. Dkt. 1. On October 15, 2014, that Court granted CCB's motion to transfer the action to this district. Dkt. 7.

On February 26, 2015, CCB filed an amended complaint against Defendants. Dkt. 30. On July 1, 2015, the Court granted FDIC-R's motion to dismiss CCB's complaint and granted CCB leave to file an amended complaint. Dkt. 44.

On July 31, 2015, CCB filed a second amended complaint asserting causes of action for conversion and unjust enrichment. Dkt. 48 ("SAC"). On August 21, 2015, FDIC-R filed a motion to dismiss the SAC. Dkt. 51. On October 15, 2015, CCB responded. Dkt. 55. On October 20, 2015, FDIC-R filed a motion for an extension of time. Dkt. 58. On October 29, 2015, FDIC-R replied. Dkt. 59. On November 4, 2015, CCB filed a motion for leave to file a surreply and attached the proposed surreply. Dkt. 61[1].

## II. FACTUAL BACKGROUND

The material facts of this case are almost entirely undisputed. CCB was the parent of the Bank of Clark County ("Bank"), which was taken over by the FDIC in 2009. Based on the Bank's losses, the FDIC-R filed amended tax returns for previous years, and the

---

[1] This is the second substantive surreply that CCB has filed. After the first, the Court specifically informed CCB that the brief violated the local rules of procedure. Regardless of CCB's disregard for the rules and the Court's previous ruling, the Court again denies CCB's motion.

ORDER - 2

IRS subsequently issued refunds to the FDIC for more than nine million dollars. CCB also filed amended tax returns based on the same losses, but the IRS did not issue duplicate refunds. CCB's complaint alleges that it is entitled to the refunds that the IRS sent to the FDIC-R.

### III. DISCUSSION

FDIC-R moves to dismiss all three claims in CCB's complaint. Dkt. 51.

**A.    Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.    Contract Claim**

Although CCB filed an amended complaint, CCB included most, if not all, of its previous allegations. As such, the Court adheres to its previous ruling that these allegations do not meet even a basic formalistic recitation of the elements of a cause of action. Dkt. 44. Moreover, failing to cure deficiencies is grounds for dismissal without

leave to amend. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir.1988) (district court did not abuse its discretion by refusing to allow a second amended complaint where the first amendment had failed to cure deficiencies). Therefore, the Court dismisses CCB's federal and constitutional claims.

With regard to CCB's new allegations, it asserts a right to the refunds pursuant to a Tax Allocation Agreement ("TAA") between it and the Bank. Dkt. 48, ¶¶ 20–41. FDIC-R attacks the substance of the TAA, which goes beyond whether CCB has stated a claim upon which relief may be granted. While it is true that CCB could have been more explicit in asserting a simple breach of contract claim, FDIC-R has sufficient notice of the claim against it and it is time to move to the merits of the parties' dispute. Therefore, the Court denies FDIC-R's motion to dismiss CCB's TAA claim.

**C.     Other Claims**

CCB asserts claims for conversion and unjust enrichment. Dkt. 48, ¶¶ 43–46. FDIC-R argues that these claims were not properly exhausted, should be dismissed under the doctrine of issue preclusion, and may not be maintained against FDIC-R as conservator or receiver. Dkt. 51 at 15–17. CCB provides a two-paragraph response based on "secrecy and concealment." Dkt. 55 at 23. CCB's arguments are wholly without merit. Therefore, the Court grants FDIC-R's motion on CCB's second and third claims.

## IV. ORDER

Therefore, it is hereby **ORDERED** that FDIC-R's motion to dismiss (Dkt. 51) is **GRANTED in part** and **DENIED in part** and CCB's motion for leave to file surreply to defendant FDIC-Receiver's reply in support of motion to dismiss (Dkt. 61) is **DENIED**.

Dated this 23rd day of November, 2015.

BENJAMIN H. SETTLE
United States District Judge